# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP1478-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Joseph R. Laumann, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Joseph R. Laumann,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST LAUMANN

| | |
|---|---|
| OPINION FILED: | January 18, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP1478-D

STATE OF WISCONSIN  :  IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Joseph R. Laumann, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Joseph R. Laumann,**

      **Respondent.**

**FILED**

**JAN 18, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. The Office of Lawyer Regulation (OLR) and Attorney Joseph R. Laumann have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 that Attorney Laumann's license to practice law in this state should be suspended for six months, as discipline reciprocal to that imposed by the Court of Appeals of Maryland. After careful review of the matter, we approve the stipulation and impose the stipulated reciprocal discipline. The OLR does not seek the imposition of costs, and we impose none.

¶2    Attorney Laumann was admitted to practice law in Wisconsin in 1999.  He was admitted to practice law in Maryland in 1998.

¶3    Attorney Laumann's Wisconsin law license was suspended in May of 2008 for failure to comply with continuing legal education requirements and in October of 2008 for failure to pay state bar dues.  His Wisconsin law license remains suspended.

¶4    On September 28, 2017, the Attorney Grievance Commission of Maryland (AGC) filed a Petition for Disciplinary or Remedial Action against Attorney Laumann alleging professional misconduct in four client matters as follows:

a.  In 2014, Attorney Laumann was hired to represent a client in a bankruptcy matter.  Attorney Laumann failed to maintain the client's funds in trust; failed to submit payments to the trustee on the client's behalf; misrepresented to the bankruptcy court that he had mailed payments to the trustee; back-dated checks to create the appearance they had previously been sent to the trustee; failed to respond in a timely manner to an AGC request for information; fabricated letters he claimed he sent to two banks; failed to maintain adequate trust account records; and withdrew cash from his trust account for unauthorized purposes.

b.  In 2013, a client retained Attorney Laumann to represent her in a divorce proceeding.  Attorney Laumann failed to appear on time for a hearing; failed to appear for hearings; and misrepresented to a court that he missed a hearing because he was unable to drive.

c.  In 2015, a client retained Attorney Laumann to represent her in a child custody dispute. Attorney Laumann improperly filed a Complaint for Custody in one county when he knew that the client had a custody proceeding already pending in another county;  improperly disclosed confidential and

2

privileged information in court filings; and failed to appear at a hearing.

   d. In 2013, a client retained Attorney Laumann to represent him in a custody matter. Attorney Laumann failed to have a written fee agreement with the client; filed a motion which failed to allege facts to support the motion; repeatedly attempted to collect legal fees from the client that he had previously collected; increased his hourly rate without communicating the increase to the client; failed to provide requested trust account records to AGC; and failed to maintain copies of trust account records.

¶5 On May 14, 2018, the Court of Appeals of Maryland considered a joint petition of the AGC and Attorney Laumann to indefinitely suspend Attorney Laumann from the practice of law. The Court of Appeals of Maryland ordered that, effective June 1, 2018, Attorney Laumann be indefinitely suspended from practicing law in Maryland. The Maryland Court of Appeals ordered that as a condition of petitioning for reinstatement of his Maryland law license, Attorney Laumann be deemed "fit to practice law by a medical provider acceptable to Bar Counsel."

¶6 Attorney Laumann failed to notify the OLR of the suspension of his Maryland law license within 20 days of its effective date.

¶7 On August 6, 2018, the OLR filed a two count complaint. Count One alleged that by virtue of his Maryland indefinite suspension, Attorney Laumann should be subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22. Count Two alleged that by failing to notify the OLR of his Maryland suspension within 20 days of the effective date of such discipline, Attorney Laumann violated SCR 22.22(1).

3

¶8 On November 21, 2018, after the OLR's complaint had been served on Attorney Laumann, Attorney Laumann entered into a stipulation with the OLR whereby he agreed that the facts alleged in the OLR's complaint supported a six-month suspension of his license to practice law in Wisconsin as reciprocal discipline to that imposed by the Maryland Court of Appeals.

¶9 The OLR filed a memorandum in support of the stipulation noting that Wisconsin has no provision for imposing indefinite suspensions as discipline for attorney misconduct. The memorandum states that the OLR's director determined that Maryland's indefinite suspension, which requires Attorney Laumann to successfully petition for the reinstatement of his law license, is equivalent in effect to a Wisconsin law license suspension of at least six months, which similarly requires the disciplined attorney to successfully petition for reinstatement. Accordingly, the OLR director determined that a six-month suspension of Attorney Laumann's Wisconsin law license should be sought. In the stipulation, Attorney Laumann agrees that it would be appropriate for this court to impose a six-month law license suspension as discipline reciprocal to that imposed upon him in Maryland.

¶10 Under SCR 22.22(3), this court shall impose the identical discipline imposed in another jurisdiction unless one or more of three exceptions apply. Attorney Laumann does not claim that any exceptions apply to his case, and he agrees that a six-month suspension of his Wisconsin law license would be

4

appropriate as discipline reciprocal to that imposed in Maryland.

¶11 In the stipulation, Attorney Laumann further avers that the stipulation did not result from plea bargaining; that he fully understands the allegations against him and the ramifications should this court impose the stipulated level of discipline; that he fully understands his right to contest this matter; that he fully understands his right to consult with counsel and represents that he has in fact consulted with counsel; that his entry into the stipulation is made knowingly and voluntarily; that he has read the complaint and the stipulation; and that his entry into the stipulation represents his decision not to contest the allegations regarding reciprocal discipline alleged in the OLR's complaint or the level and type of discipline sought by the OLR's director.

¶12 After review of this matter, we accept the stipulation and agree that a six-month suspension of Attorney Laumann's Wisconsin law license is equivalent to the indefinite law license suspension imposed by the Maryland Court of Appeals. Because this matter has been resolved by means of a stipulation without the appointment of a referee and the OLR has not requested the imposition of costs, we impose no costs on Attorney Laumann.

¶13 IT IS ORDERED that the license of Joseph R. Laumann to practice law in Wisconsin is suspended for six months, effective the date of this order.

¶14 IT IS FURTHER ORDERED that, to the extent he has not already done so, Joseph R. Laumann shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶15 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(3).

¶16 IT IS FURTHER ORDERED that the administrative suspension of Joseph R. Laumann's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues and failure to comply with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).