# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP1478-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Joseph R. Laumann, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Joseph R. Laumann,<br>       Respondent. |

ATTORNEY LAUMANN REINSTATEMENT PROCEEDINGS
Reported at 385 Wis. 2d 152,922 N.W.2d 520
PDC No:2019 WI 3 - Published

| | |
|---|---|
| OPINION FILED: | November 23, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP1478-D

STATE OF WISCONSIN    :    IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Joseph R. Laumann, Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

  v.

Joseph R. Laumann,

      Respondent.

**FILED**

**NOV 23, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.    *Reinstatement granted.*

¶1    PER CURIAM.   This court has pending before it Attorney Joseph R. Laumann's petition for reinstatement of his license to practice law in Wisconsin. Upon consideration of the reinstatement petition; the Office of Lawyer Regulation's (OLR) response pursuant to Supreme Court Rule (SCR) 22.30(4); the parties' SCR 22.30(5)(a) stipulation; and the OLR's memorandum in support of the stipulation, we conclude that Attorney Laumann's petition for reinstatement should be granted.

¶2    Attorney Laumann was admitted to practice law in Wisconsin in 1999.  He had been admitted to practice law in

Maryland in 1998. Attorney Laumann's Wisconsin law license was suspended in May 2008 for failure to comply with continuing legal education (CLE) requirements and in October of 2008 for failure to pay state bar dues. The Board of Bar Examiners filed a memorandum on June 22, 2021, stating that Attorney Laumann was currently in compliance with the court's CLE and ethics and professional responsibility requirements. His Wisconsin law license remains administratively suspended for failure to pay state bar dues.

¶3 On January 18, 2019, this court suspended Attorney Laumann's Wisconsin law license for a period of six months. See In re Disciplinary Proceedings Against Laumann, 2019 WI 3, 385 Wis. 2d 152, 922 N.W.2d 520. That suspension was reciprocal to that imposed upon Attorney Laumann by the Court of Appeals of Maryland. Attorney Laumann's misconduct in Maryland arose out of four separate client matters and included failing to maintain a client's funds in trust; misrepresenting to a bankruptcy court that he had mailed payments to a bankruptcy trustee; failing to maintain adequate trust account records; withdrawing cash from his trust account for unauthorized purposes; failing to appear on time for a divorce hearing and misrepresenting to a court why he had missed the hearing; improperly filing a complaint for child custody in one county when he knew that the client had a custody proceeding already pending in another county; improperly disclosing confidential and privileged information in court filings; failing to have a written fee agreement with a client; attempting to collect legal fees from a client that had previously been

collected; and increasing his hourly rate without communicating the rate increase to the client.

¶4 Attorney Laumann filed a petition for the reinstatement of his Wisconsin law license on June 21, 2021. The OLR investigated Attorney Laumann's petition and found he had demonstrated that he has satisfied all of the criteria for reinstatement. The OLR noted that Attorney Laumann has maintained competence and learning in the law by attendance at identified educational activities. It also noted that Attorney Laumann's conduct since his suspension has been exemplary and beyond reproach and he has a proper understanding of an attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards.

¶5 On September 20, 2021, the parties filed a stipulation in which the OLR stated that Attorney Laumann has met his SCR 22.305 burden to prove by clear, satisfactory, and convincing evidence:

(1) That he has the moral character to practice law in Wisconsin.

(2) That his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(3) That his representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(4) That he has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

3

¶6   The OLR also filed a memorandum in support of the stipulation in which it reiterates that Attorney Laumann has satisfactorily complied with the terms of the suspension order and the OLR did not identify any adverse material issues during the its investigation of Attorney Laumann's reinstatement petition.

¶7   The parties' joint stipulation for Attorney Laumann's reinstatement is now before us.  Effective January 1, 2021, new reinstatement provisions permit this court to consider a reinstatement petition by stipulation where, as here, the OLR concludes, upon investigation, that the petitioner has demonstrated, to the OLR's director's satisfaction, that all of the reinstatement criteria have been met.  See SCR 22.305 and SCR 22.29(4).  The court considers the petition and stipulation without the appointment of a referee and may approve the stipulation and reinstate the petitioner's law license; the court may reject the stipulation and refer the petition to a referee for a hearing; or the court may direct the parties to consider modifications to the stipulation.  SCR 22.30(5)(b).

¶8   Based on the stipulation, and noting that the record contains no evidence to the contrary, we conclude that Attorney Laumann has established by clear, satisfactory, and convincing evidence that he has satisfied all of the criteria necessary for reinstatement.  Accordingly, we accept the parties' stipulation pursuant to SCR 22.30(5)(b), and we reinstate Attorney Laumann's license to practice law in Wisconsin, effective the date of this order.

¶9  IT IS ORDERED that the petition for reinstatement of Joseph R. Laumann to practice law in Wisconsin is granted, effective the date of this order.

¶10  IT IS FURTHER ORDERED that the administrative suspension of Joseph R. Laumann's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues shall remain in effect until that reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).

¶11  IT IS FURTHER ORDERED that exhibits 1 and 2 attached to the reinstatement petition, which contain medical and financial records, shall remain sealed until further order of the court.

¶12  IT IS FURTHER ORDERED that no costs will be imposed in connection with this reinstatement proceeding.